THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BING YU,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT RUSSELL,<br><br>　　　　　　Respondent. | CASE NO. C12-0463-JCC<br><br>ORDER DENYING PETITIONER'S HABEAS PETITION WITH PREJUDICE |

This matter comes before the Court on Petitioner Bing Yu's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Dkt. No. 1), the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (Dkt. No. 14), and Yu's objections to the Report and Recommendation (Dkt. No. 15). Having thoroughly considered the parties' briefing on Yu's motion, Judge Theiler's Report and Recommendation, Yu's objections, and the remainder of the record, the Court hereby ADOPTS the Report and Recommendation for the reasons explained herein.

The district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The bulk of Yu's "objections" are nothing more than restatements of arguments he made in his petition. The Court has nonetheless carefully considered all of Yu's contentions and has made a de novo determination as to those contentions.

Yu has not shown he is entitled to relief.

Yu argues that the Report and Recommendation does not recognize how destructive to Yu's case it was for his counsel to argue the "exit-strategy" defense, and not to argue (or to "invalidate[]") the affair defense, when the bulk of Yu's testimony supported the affair defense. (Dkt. No. 15 at 2–3 (citing Dkt. No. 1 at 12).) Judge Theiler explicitly acknowledged Yu's objection to "defense counsel[']s 'mysteriously negat[ing] the bulk of [Yu's] entire trial testimony and argu[ing] [in closing] the "exit strategy" theory, which was the opposite of [Yu's] planned defense,'" and properly rejected it as a basis for granting habeas relief. (Dkt. No. 14 at 14 (citing Dkt. No. 1 at 10).) The state court's determination—that defense counsel's strategic choice of the exit-strategy defense over the affair defense was not objectively unreasonable and did not prejudice Yu—was not unreasonable. Yu's testimony at trial included his "long history of allegations against his wife and the ensuing conflict, and his admissions as to threats made, his use of physical force on numerous occasions, and the resulting injuries to his wife." (*Id.* at 15–16.) Counsel strategically decided not to hang Yu's case on the affair theory, which (1) relied entirely on Yu's own testimony that his wife had in fact been unfaithful—testimony that, defense counsel could reasonably have concluded, the jury could not have believed—and (2) risked coming off as an argument that Yu was justified in raping his wife because his wife had been unfaithful. On the other hand, the most the affair defense could have done for Yu—had the jury believed it—was show that his wife was "highly motivated to testify against Yu" so that he would be sent to prison and her infidelity (of which only Yu purportedly knew) would never be revealed. (Dkt. No. 15 at 15–16.) Weighing the marginal benefit of the affair defense against its inherent weakness and the risk it posed of aggravating the jury, and deciding to use the exit-strategy defense instead, was not unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). It was thus not unreasonable for the state court to so hold.

ORDER DENYING PETITIONER'S HABEAS
PETITION WITH PREJUDICE
PAGE - 2

1    Yu also re-argues in his objections that the "[p]rosecutorial misconduct was malicious
2 and flagrant," that Yu's counsel was ineffective in not "adequately respond[ing] to such
3 misconduct," and that the curative instruction in the one instance of an objectionable comment
4 (to which defense counsel objected) was not sufficient to cure its effect. (Dkt. No. 15 at 9–12.)
5 But the Court, having reviewed the prosecutor's closing arguments, agrees with the report that
6 "[h]ere, as found by the state court, the prosecutor reasonably, and appropriately, argued
7 inferences from the testimony at trial in his closing and rebuttal closing remarks" and that
8 "[g]iven its isolated nature and the quick response of the trial court [of providing the curative
9 instruction], the objectionable comment cannot be said to have so infected the trial with
10 unfairness as to result in a denial of due process." (Dkt. No. 14 at 13–14.) It was thus not
11 unreasonable for the state court to so hold.
12    Yu has not shown that "the state court's ruling on [his ineffective assistance of counsel]
13 claim . . . was so lacking in justification that there was an error well understood and
14 comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*
15 *v. Richter*, 131 S. Ct. 770, 786–87 (2011). Therefore, the Court hereby ORDERS as follows:
16    (1) The Court ADOPTS the Report and Recommendation;
17    (2) The Court DENIES Yu's habeas petition and DISMISSES this case with prejudice;
18    (3) The Court DENIES issuance of a certificate of appealability; and
19    (4) The Court directs the Clerk to send copies of this order to Petitioner, to counsel for
20 Respondent, and to Judge Theiler.
21 //
22 //
23 //
24 //
25 //
26 //

DATED this 23rd day of October 2012.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE